## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Guangzhou Youlan Technology Co. Ltd.

Plaintiff

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,
Defendants.

CA:

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Guangzhou Youlan Technology Co., Ltd. ("Plaintiff") hereby presents this action against the Partnerships and Unincorporated Associations identified in Schedule A, filed under Seal (collectively, "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.     This court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

2.     The Honorable court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets its business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating Online Marketplace Accounts identified the Schedule A attached hereto (collectively, the "Defendant's Internet Stores").  Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial interactive Defendant's Internet Stores,

wherein Illinois residents can purchase products featuring Plaintiff's patented design. The Defendant has targeted sales to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has sold products featuring the Plaintiff's patented design to residents of Illinois. The Defendant commits tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

## INTRODUCTION

3.     The Plaintiff filed this action to combat an online seller who sells the same knock-off product that infringes upon Plaintiff's U.S. Patent US D1,075,331 S (**331) entitled "OUTDOOR CHAISE LOUNGE" (attached as Exhibit A), filed on August 25, 2023, issued on May 20, 2025.[1] Defendant created the Defendant Internet Stores and designed them to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing the same knock-off products. Defendant attempts to conceal both its identity and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat the Defendant's continuous infringement of its patented design. Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendant's actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

## THE BACKGROUND

4.   Plaintiff Guangzhou Youlan Technology Co. Ltd is an individual resident of Guangdong (CN) and a citizen of Guangdong. Plaintiff is a Guangdong (CN) -based inventor and the owner of U.S. PatentUS D1,075,331 S (**331) entitled "OUTDOOR CHAISE LOUNGE" (attached as Exhibit A), filed on August 25, 2023, issued on May 20, 2025.

5.     The Plaintiff's design for the outdoor chaise lounge is notable for its leg linking mechanism, which allows for a distinctive and aesthetically appealing design, which then combines

both portability, comfort and functionality tailored for outdoor use.  The commercial success of this design is evidenced by the proliferation of imitation products in the market and the substantial sales generated by such infringing items.  Defendant has copied this leg linking design, and thus the overall design of the claimed design in the **331 patent.

6.     Plaintiff is committed to the quality production of the **331  Patented designs, further enhancing the reputation of the patented product "OUTDOOR CHAISE LOUNGE" and continuously refining the design to achieve both aesthetic appeal and functionality.

7.   Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation.  An image of the claimed design is shown in the image below:



8.     The Plaintiff is the lawful owner of all rights, title, and interest in the U.S. Patent US D1,075,331, S (**331) entitled "OUTDOOR CHAISE LOUNGE".

9.     Plaintiff has not granted a license or any other form of permission to Defendant with respect to the **331 Patented designs.

10.      The Defendant is an individual and business entity who, upon information and belief, resides in the People's Republic of China or other foreign and domestic jurisdictions.  Defendant conducts business throughout the United States, including within the State of Illinois and the Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under Defendant's Internet Stores.  The Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell knock-off products to consumers within the United States, including the State of Illinois.  Defendant and its respective knock-off products are shown in Exhibit C.

11.     On information and belief, Defendant is working to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes the **331 and Patented designs in a series of occurrences.  Tactics used by Defendant to conceal its identity and the full scope of its operation make it virtually impossible for Plaintiff to learn Defendant's true identity and the exact interworking of their network.  In the event that Defendant provides additional credible information regarding its identity, Plaintiff will take appropriate steps to amend the Complaint.

12.      Plaintiff has not licensed or authorized the Defendant to use the invention claimed in the **331 Patent and the Defendant is not authorized retailer of Plaintiff.

13.      On information and belief, Defendant regularly creates new online marketplace accounts on various platforms using the identity listed in Schedule A (Sealed) to the Complaint, as well as other unknown fictitious names and addresses.  Such Defendant Internet Store registration patterns are one of many common tactics used by Defendant to conceal its identity, the full scope and interworking of their operation, and to avoid being shut down.

14.      In addition to operating under multiple fictitious names, the Defendant in this case and the Defendant in other similar cases against online infringers use a variety of other common tactics to

evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

16.     Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite Plaintiff's enforcement efforts, such as take-down notices.

17.     According to the online platform store owner's information, as shown on Amazon, TEMU, Walmart, and eBay websites, parts of the Defendant can be identified via the Chinese official company registration system. They are registered companies, and the actual owners of those companies are located in China. Most of these defendant companies only have 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

18.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the U.S. Patents  US D1,075,331, S (**331), and continue to do so via Defendant's Internet Stores. Defendant's Internet Store offers shipping to the United States, including Illinois, and has sold knock-off products into the United States, including Illinois.

19.     Defendant's infringement of the U.S. Patent US D1,075,331, S (**331) in the offering to sell, sell, or import the knock-off products was willful.

20.     Defendant' infringement of the U.S. Patent US D1,075,331, S (**331), and in connection with the offering to sell, selling, or importing of the knock-off products, including the offering for sale and sale of knock-off products into Illinois, is irreparably harming Plaintiff.

## COUNT I INFRINGEMENT OF
## DESIGN PATENT NO. US D1.075,331 S (35 U.S.C. § 171)

21.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22.     Defendant offers for sale, sell, and/or import into the United States for subsequent resale or use of knock-off products that infringe directly and/or indirectly the ornamental design claimed in the U.S. Patent US D1,075,331, S (**331)

23.     Defendant has infringed the US D1,075,331 S (**331) Patent through the aforesaid acts and will continue to do so unless they are enjoined by the court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. The plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

24.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in concert therewith from infringing the US D1,075,331, S (**331) Patent, Plaintiff will be greatly and irreparably harmed.

25.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. The plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1)     That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.     offering for sale, selling, and importing any products not authorized by Plaintif

and that include any reproduction, copy, or colorable imitation of the design claimed in the Patented Design; and

        b.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design and

        c.     effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Sub-paragraphs (a) and (b).

    2)     Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Alibaba, Amazon, and Walmart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors, and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

        a.     disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe on the Patented Design, and

        b.     disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Patented Design and

        c.     Take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

    3)     That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendant or others acting in concert or participation with Defendant from Defendant's unauthorized use and infringement of the Patented Design;

4)      That Plaintiff be awarded from Defendant, as a result of Defendant's use

and infringement of the Patented Design, three times Plaintiff's damages therefrom and

three times Defendant's profits therefrom, after an accounting, pursuant to 35 USC § 284;

5)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6)      Award any and all other relief that the court deems just and proper.

DATED: July 7, 2025                          Counsel for Defendant

                                             __/RDWy/_____
                                             Robert M. DEWITTY
                                             D&A|RM DeWitty, U.S. Pat. Atty., LLC
                                             1500 K Street, 2nd Fl., RM213
                                             Washington, D.C. 20005

                                             1018 W. Madison Street, #5
                                             Chicago, IL 60609
                                             Tel: 202-571-7070 / 202 888-4309
                                              Email: rmdewitty@dewittyip.com